**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LAFAYETTE FEDERAL CREDIT UNION;
ABERDEEN PROVING GROUND FEDERAL
CREDIT UNION; ACTORS FEDERAL CREDIT
UNION; AGRICULTURE FEDERAL CREDIT
UNION; AMERICAN CHEMICAL SOCIETY
FEDERAL CREDIT UNION; APPLE FEDERAL
CREDIT UNION; AUTO WORKERS FEDERAL
CREDIT UNION; AUTOMATIC DATA
PROCESSING FEDERAL CREDIT UNION;
BUCS FEDERAL CREDIT UNION; BUDGET
FEDERAL CREDIT UNION; BUFFALO FIRE
DEPARTMENT FEDERAL CREDIT UNION;
BULLDOG FEDERAL CREDIT UNION;
CEDAR POINT FEDERAL CREDIT UNION;
CENSUS FEDERAL CREDIT UNION;
CENTRAL CREDIT UNION OF MARYLAND;
CHESAPEAKE FAMILY FEDERAL CREDIT
UNION; CHIEF PONTIAC FEDERAL CREDIT
UNION; CINFED EMPLOYEES FEDERAL
CREDIT UNION; COLUMBIA FEDERAL
CREDIT UNION; COMSTAR FEDERAL
CREDIT UNION; DELAWARE STATE POLICE
FEDERAL CREDIT UNION; DEPARTMENT OF
COMMERCE FEDERAL CREDIT UNION;
DEPARTMENT OF THE INTERIOR FEDERAL
CREDIT UNION; DEPARTMENT OF LABOR
FEDERAL CREDIT UNION; DETROIT POSTAL
EMPLOYEES CREDIT UNION; CREDIT
UNION; DOVER FEDERAL CREDIT UNION;
DUPONT STINE-HASKELL EMPLOYEES
FEDERAL CREDIT UNION; EASTALCO
FEDERAL CREDIT UNION; FDIC
EMPLOYEES FEDERAL CREDIT UNION;

No. 97-1837

FIRST AMERICAN CREDIT UNION; FIRST ATLANTIC FEDERAL CREDIT UNION; FIRST PEOPLES COMMUNITY FEDERAL CREDIT UNION; FRANKLIN MINT FEDERAL CREDIT UNION; FRIENDSHIP FEDERAL CREDIT UNION; GEICO FEDERAL CREDIT UNION; GREATER NEW ORLEANS FEDERAL CREDIT UNION; GSA FEDERAL CREDIT UNION; HERCULES FEDERAL CREDIT UNION; HUD FEDERAL CREDIT UNION; IBM METRO EMPLOYEES FEDERAL CREDIT UNION; JOHNS HOPKINS FEDERAL CREDIT UNION; LIBERTY SAVINGS FEDERAL CREDIT UNION; LOUVIERS FEDERAL CREDIT UNION; MATCOM FEDERAL CREDIT UNION; MCBR FEDERAL CREDIT UNION; MONEY ONE FEDERAL CREDIT UNION; MONOCACY FEDERAL CREDIT UNION; MTA EMPLOYEES CREDIT UNION; NAPUS FEDERAL CREDIT UNION; NARC FEDERAL CREDIT UNION; NASA FEDERAL CREDIT UNION; NATIONAL GEOGRAPHIC SOCIETY FEDERAL CREDIT UNION; NATIONAL SCIENCE FOUNDATION FEDERAL CREDIT UNION; NEVADA FEDERAL CREDIT UNION; NEWPORT SITE EMPLOYEES FEDERAL CREDIT UNION; NLRB FEDERAL CREDIT UNION; NORTH JERSEY FEDERAL CREDIT UNION; NYLON CAPITOL FEDERAL CREDIT UNION; OTERO FEDERAL CREDIT UNION; PANNONIA FEDERAL CREDIT UNION; PATENT & TRADEMARK OFFICE FEDERAL CREDIT UNION; PENSACOLA FEDERAL EMPLOYEES #1313 FEDERAL CREDIT UNION; PENTAGON FEDERAL CREDIT UNION; PERRY POINT FEDERAL

2

CREDIT UNION; PRINCE GEORGE'S EMPLOYEES FEDERAL CREDIT UNION; PRINCE HALL FAMILY FEDERAL CREDIT UNION; R-G FEDERAL CREDIT UNION; SAGINAW C.P. EMPLOYEES CREDIT UNION; ST. JOSEPH MEDICAL CENTER FEDERAL CREDIT UNION; SANTA ROSA COUNTY TEACHERS FEDERAL CREDIT UNION; SATELLITE FEDERAL CREDIT UNION; SEABOARD EMPLOYEES CREDIT UNION; SILICON VALLEY FEDERAL CREDIT UNION; SOUTHERN DELAWARE POSTAL EMPLOYEES FEDERAL CREDIT UNION; STATE EMPLOYEES FEDERAL CREDIT UNION; SUN COUNTRY FEDERAL CREDIT UNION; SYNERGY FEDERAL CREDIT UNION; TMB FEDERAL CREDIT UNION; TOWER FEDERAL CREDIT UNION; TRANSIT EMPLOYEE'S FEDERAL CREDIT UNION; TRANSPORTATION FEDERAL CREDIT UNION; TREASURY DEPARTMENT FEDERAL CREDIT UNION; UNITED STATES CUSTOMS SERVICE FEDERAL CREDIT UNION; UNITED STATES POSTAL SERVICE FEDERAL CREDIT UNION; UNITED STATES PREMIER FEDERAL CREDIT UNION; VETERANS ADMINISTRATION CENTRAL FEDERAL CREDIT UNION; WASHINGTON GAS LIGHT FEDERAL CREDIT UNION; WASHINGTON TELEPHONE FEDERAL CREDIT UNION; WOODLAWN AUTOWORKERS FEDERAL CREDIT UNION; WRIGHT PATMAN CONGRESSIONAL FEDERAL CREDIT UNION; 1ST LIBERTY FEDERAL CREDIT UNION; MARRIOTT EMPLOYEE'S FEDERAL CREDIT UNION, Individually and Derivatively

3

on behalf of Capital Corporate Federal
Credit Union; LIJ EMPLOYEES FEDERAL
CREDIT UNION; NRL FEDERAL CREDIT
UNION,
Plaintiffs-Appellants,

DEXSTA FEDERAL CREDIT UNION;
CHESTNUT RUN FEDERAL CREDIT UNION;
TEACHER FEDERAL CREDIT UNION;
UNITED STATES SENATE FEDERAL CREDIT
UNION,
Plaintiffs,

v.

NATIONAL CREDIT UNION
ADMINISTRATION; NATIONAL CREDIT
UNION ADMINISTRATION, as Conservator
for Capital Corporate Federal Credit
Union; UNITED STATES OF AMERICA,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, District Judge.
(CA-96-1685-A, CA-96-141-A)

Argued: December 5, 1997

Decided: January 7, 1998

Before MURNAGHAN, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

4

**COUNSEL**

**ARGUED:** Christopher Bowmar Mead, LONDON & MEAD, Washington, D.C., for Appellants. Thomas Mark Bondy, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. **ON BRIEF:** Mark London, LONDON & MEAD, Washington, D.C., for Appellants. Frank W. Hunger, Assistant Attorney General, Helen F. Fahey, United States Attorney, Mark B. Stern, Appellate Staff, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Steven W. Widerman, Trial Attorney, NATIONAL CREDIT UNION ADMINISTRATION, Alexandria, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises from the operation and liquidation of Capital Corporate Federal Credit Union ("CapCorp") by the National Credit Union Administration ("NCUA"), the defendant-appellee. NCUA put CapCorp into conservatorship on January 31, 1995, because, among other things, NCUA believed that CapCorp was significantly over-invested in Collateralized Mortgage Obligations. CapCorp's board was notified that day of its right to seek judicial review within ten days, but no judicial or administrative remedy was sought. Pursuant to 12 U.S.C. § 1786(h)(4), NCUA proceeded to liquidate virtually all of CapCorp's holdings. NCUA appointed itself liquidating agent for CapCorp on April 12, 1995.

The plaintiffs (now the appellants) are ninety-four credit unions who were shareholders in CapCorp, an intermediate credit union. The plaintiffs sued NCUA after the liquidation, alleging that the agency acted beyond its powers in liquidating CapCorp's portfolio, causing

5

them substantial losses. The district court granted summary judgment for NCUA. The court held that the plaintiffs were not barred by the anti-injunction provision of FIRREA, see§ 1787(g), because they alleged that NCUA exceeded its statutory powers. However, the court found that CapCorp did not seek judicial review of the conservatorship within ten days as required by FIRREA, see § 1786(h)(3), and held that the plaintiffs failed to exhaust their administrative remedies within the ninety-day period mandated by the Act, see § 1787(b)(13)(D)(i). Further, the district court held that the plaintiffs' due process rights were not violated because CapCorp itself had standing to challenge the liquidation and the plaintiffs had substantial representation on CapCorp's board at the time. The plaintiffs appeal, and we affirm on the reasoning of the district court. See Lafayette Federal Credit Union v. National Credit Union Administration, 960 F. Supp. 999 (E.D. Va. 1997).

AFFIRMED

6